1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   UNITED STATES OF AMERICA,                    Case No.  19-cr-0047-SI-1

        Plaintiff,
8
                                                **FINAL PRETRIAL SCHEDULING
9        v.                                      ORDER**

10  MARTHA SANTIAGO,

        Defendant.
11

12

13      On May 21, 2019, the Court held a final pretrial conference in the above captioned matter,

14  which is set for jury trial beginning June 3, 2019.  All parties were represented by counsel.  The

15  following matters were resolved:

16

17      **1.      Trial schedule:**  The parties expect that the case will take two days to complete.  The

18  Court does not hear trials on Fridays (although deliberating juries may continue their deliberations

19  on Fridays).  The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m.,

20  a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

21

22      **2.      Number of jurors and challenges:**  There will be a jury of twelve members, plus

23  one alternate juror.  The government shall have six peremptory challenges, the defendant shall have

24  ten peremptory challenges.

25

26      **3.      Voir dire:**  The Court will conduct general voir dire, including various of the

27  questions requested by counsel in their proposed additional voir dire filings.  Counsel for each side

28  shall have up to 20 minutes total to question the panel.  The parties are directed to meet and confer

concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; this statement shall be provided to the Court **by Friday, May 31, 2019.**

**4.    Jury instructions:**    The Court received proposed jury instructions from the government and from defendant.  The parties are directed to meet and confer to resolve any disputes as to the requested instructions, and to provide the Court **by Friday, May 31, 2019** with any agreed-upon revisions to the standard Ninth Circuit instructions.

**5.    Trial exhibits:**  No later than Friday, May 31, 2019, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit.  The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses) and the defendant with one set.

**6.    Motions in limine:**  Each side filed six motions in limine, some overlapping.  The Court rules as follows:

**Government No. 1, re: Ms. Santiago's "spontaneous statements" when leaving her vehicle**:    Government counsel indicated that they will not elicit these statements in their case in chief.  Hence the motion is DENIED AS MOOT.

**Government No. 2, re: Mr. Haga's presence in Ms. Santiago's vehicle and his status as a fugitive:**    The government seeks to admit facts regarding Mr. Haga's status as a fugitive and his presence in Ms. Santiago's car to demonstrate that the federal officers were engaged in their official duties and as facts relevant to motive.  Defendant argues this evidence is irrelevant and unduly prejudicial.  The Court finds it relevant to explain the officers' actions and not unduly prejudicial, provided that no mention is made of Mr. Haga's underlying offenses.  The motion is GRANTED.

**Government No. 3, re: Ms. Santiago's supervision status:**    The government seeks to

admit Ms. Santiago's supervised release status at the time of the incident, as evidence of motive – i.e. that she fled so as not to get caught violating her supervised release conditions. Defendant argues this evidence is irrelevant and unduly prejudicial. The Court finds this evidence relevant to motive not unduly prejudicial, provided that no mention is made of the offenses underlying Ms. Santiago's supervision. The motion is GRANTED.

**Government No. 4, re: admission of items found in Ms. Santiago's car:** The government argues that evidence from Ms. Santiago's car – credit cards and forms of identification, blank credit cards, and a magnetic stripe card reader – are admissible as to motive. Multiple drivers' licenses and identification cards found in the vehicle belonged to women who bear considerable resemblance to Ms. Santiago, including women of similar age, skin tone, and hair color. The government argues these items are evidence of additional criminal activity and provide a separate motive for defendant to flee.        Defendant argues (1) the evidence is not relevant; (2) the government is unlikely to prove Ms. Santiago knowingly possessed the credit card evidence; and (3) the evidence is prejudicial. The Court finds that any relevance of this evidence is substantially outweighed by its prejudicial effect. The motion is DENIED.

**Government No. 5, re: admissibility of Ms. Santiago's prior felony convictions for impeachment purposes:** Defendant has sustained numerous prior felony convictions, including 2012 federal convictions for federal wire fraud, aggravated identity theft, and possession with intent to distribute methamphetamine. The government requests that, if the defendant testifies, it be allowed under Federal Rule of Evidence 609 to impeach her with her 2012 convictions for wire fraud, in violation of 18 U.S.C. § 1343, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. Ms. Santiago concedes that the wire fraud and identity fraud convictions belong to the category of crimes involving "dishonest or false statement" contemplated by Rule 609(a)(2), but argues that as a co-defendant in those cases, her specific involvement should be examined. The Court disagrees, and finds that these prior convictions are admissible both under Rule 609(a)(2) and

3

609(a)(1), as explicated in *United States v. Jiminez*, 214 F.3d 1095, 1098 (9th Cir. 2000). The motion is GRANTED as to the wire fraud and aggravated identity theft convictions only.

**Government's No. 6, re: admissibility of voluntary statements for impeachment purposes***:* Should Ms. Santiago testify, the government seeks to use her "spontaneous statements" to Agent Perez and her un-*Mirandized* responses to questions from two other law enforcement officers, for impeachment purposes only.   The motion is GRANTED.

**Defendant's No. 1, re:  exclusion of evidence re Mr. Haga's presence at the time of the incident,  Ms. Santiago's supervised release status and material found in Ms. Santiago's car:** See rulings above re: government motions 2, 3 and 4.

**Defendant's No. 2, re:  exclusion of evidence of prior convictions per Rule 609:**  See rulings above re: government motion 5.

**Defendant's No. 3, re: "untimely produced" text messages:** On Friday, May 10, 2019, the Government produced additional discovery to defendant — text messages that were allegedly sent between Ms. Santiago and Mr. Haga.  Defendant argues that because the discovery was produced a few days before motions in limine were due, and trial is scheduled for June 3, 2019, this Court should exclude those text messages based on timeliness. That request is DENIED, but defendant may file further motions to exclude the text messages on the merits, should she find it necessary.

**Defendant's No. 4, re: grand jury testimony:** The Court ORDERS the government to make the grand jury testimony of any witness it expects to testify available to defendant today, May 21, 2019.

**Defendant's No. 5, re: un-noticed expert testimony:** The  government has not noticed any experts, and defendant's motion to exclude any government expert testimony is therefore GRANTED.

**Defendant's No. 6, re:  compliance with Henthorn and Brady:**  The government is ORDERED to produce any *Henthorn* or *Brady* material to which Ms. Santiago is entitled.

4

1

     **6.**     **Dismissals**:  The government DISMISSED Counts 1 and 2 of the indictment at the

2 pretrial conference.  Only Count 3 will go to trial.

3

4      IT IS SO ORDERED.

5

6 Dated:  May 21, 2019

                          _____

7                           SUSAN ILLSTON
                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5