UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTHA SANTIAGO,<br><br>    Defendant. | Case No. 19-cr-00047-SI-1<br><br>**ORDER ON MOTION FOR NEW TRIAL**<br><br>Re: Dkt. No. 82 |

Having considered the papers submitted and arguments made during the August 23, 2019 hearing, the Court hereby DENIES defendant's motion for a new trial.

**BACKGROUND**

On January 29, 2019, the United States filed an indictment against defendant charging her with three counts of assault with a deadly weapon against federal officers in violation of 18 U.S.C. §§ 111(a) and 111(b). Dkt. No. 1 (Indictment). On May 21, 2019, at the parties' pre-trial conference, the government dismissed Counts 1 and 2 of the indictment, proceeding to trial solely on the alleged assault of a federal officer, US Marshall Austin LeFort. Dkt. No. 46 (Pre-Trial Scheduling Order).

On May 31, 2019, the parties filed joint proposed jury instructions, including Ninth Circuit Model Jury Instruction No. 8.4 (Assault on a Federal Officer or Employee) which reads in pertinent part:

> There is a forcible assault when [1] one person intentionally strikes another, or [2] willfully attempts to inflict injury on another, or [3] intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

1   The jury was selected on June 3, 2019, the trial held on June 4-5, and the jury rendered its verdict on June 6, 2019. Dkt. Nos. 58, 60, 62, 63 (Minute Entries), 64 (Jury Verdict). During its initial closing argument, the government improperly referred, twice, to Ms. Santiago going "back to prison."[1] Dkt. No. 88 at 5 (Opposition). Ms. Santiago also argues that during the government's closing rebuttal argument it misstated the requisite *mens rea* for assault and raised new arguments. Dkt. No. 82 at 11-21 (Motion for New Trial). Finally, while the jury was deliberating, they sent a note reading: "We have all 11 jurors in firm agreement on a verdict and one juror who maintains a position of reasonable doubt and we don't believe addition time will bridge the gap. What are our options?" Dkt. No. 67 at 4 (Jury Notes). For these reasons defendant moves now for a new trial.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 33 permits the court, on defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The court's power to grant a new trial is broader than its power to grant a motion for judgment of acquittal because the court "is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000). However, the court's discretion is not unconstrained. "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. Proc. 52. This harmless error rule applies to new trial motions. Fed. R. Crim. Proc. 52 advisory committee's note. It also applies to instructional error. *Neder v. U.S.*, 527 U.S. 1, 15 (1999); *U.S. v. Harmon*, No. 11-10471, 537 Fed. Appx. 719 (9th Cir. Aug. 12, 2013) (quoting *U.S. v. Thongsy*, 577 F.3d 1036, 1043 (9th Cir. 2009) (finding district court abused its discretion in granting new trial stemming from alleged instructional error that was

---

[1] In the May 21, 2019 Final Pre-Trial Scheduling Order the Court made clear that at trial the government could not "mention …the offenses underlying Ms. Santiago's supervision" or the fact that she had previously been in prison. Dkt. No. 46 at 2-3. Further, prior to the government calling Ms. Santiago's probation officer to testify during trial regarding the fact that Ms. Santiago was on supervised release at the time of the underlying incident, the prosecutor assured the Court that the government's witnesses would not testify about Ms. Santiago's prior convictions. Dkt. No. 88 at 1 (Opposition).

2

harmless given the overwhelming evidence of illegality); *U.S. v. Allen*, 603 F.3d 1202, 1215 (10th Cir. 2010) (affirming conviction and finding district court's refusal to give specific unanimity instruction constituted harmless error beyond a reasonable doubt).

**DISCUSSION**

Defendant raises four grounds upon which she argues she is entitled to a new trial: (1) the government made a new argument for the first time in its rebuttal closing; (2) during closing argument, the Government twice implicitly told the jury that Ms. Santiago had previously been to prison; (3) the law regarding assault was not properly articulated to the jury during the government's rebuttal closing argument; and (4) the jury indicated it is was hopelessly deadlocked and revealed its split to the Court and the parties. Dkt. No. 82 at 9 (Motion for New Trial). These grounds are discussed in turn below.

**I. The Government's Closing Argument**

**A. Reference to Ms. Santiago's Prior Prison Sentence was Innocuous**

During the government's closing argument, AUSA Michael Rodriguez twice referenced Ms. Santiago going "back to prison." Dkt. No. 88-3 at 30:16-24 (Ex. C to Opposition – June 5, 2019 Trial Transcript). At the pre-trial conference and in the pre-trial scheduling order the Court ordered the government not to reference Ms. Santiago's probation status or previous prison sentence. Dkt. Nos. 45, 46 (Minutes for Pre-Trial Conference and Final Pre-Trial Scheduling Order).

Ms. Santiago argues the government's references to her prior prison sentence are grounds for a new trial for two reasons: (1) it had no factual support in the record, and (2) it introduced inflammatory, irrelevant, and unduly prejudicial information to the jury—for the first time in closing argument—that contradicted this Court's previous orders. Dkt. No. 82 at 10 (Motion for New Trial).

The government argues (1) the references did not affect the fundamental fairness of the trial; (2) the Court instructed the jury not to construe opening or closing argument as evidence; and (3) the jury probably did not pick up on the references. Dkt. No. 88 at 10-12 (Opposition).

The Court agrees with the government that the references to Ms. Santiago going "back to

3

prison" did not undermine the fundamental fairness of the trial. The references took place in the context of a lengthy closing argument amounting to 13 pages of transcript. Dkt. No. 88-3 at 20:14-33:9 (Ex. C to Opposition – June 5, 2019 Trial Transcript). Further, when defense counsel objected at sidebar to the references in the closing, the Court had not even caught the references – making it highly unlikely the jury understood or was influenced by them. Dkt. No. 88-3 at 34:20-21 (Ex. C to Opposition – June 5, 2019 Trial Transcript).

### B. The Government Did Not Improperly Explain the *Mens Rea* Requirement During Closing

Ms. Santiago argues the government's closing rebuttal lowered the *mens rea* requirement for assault. Dkt. No. 82 at 16 (Motion for New Trial). The Ninth Circuit's Model Jury Instruction 8.3, which the parties stipulated to, reads in pertinent part:

> There is a forcible assault when [1] one person intentionally strikes another, or [2] willfully attempts to inflict injury on another, or [3] intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

During closing argument, defense counsel stated:

> She's not charged with resisting arrest. She's not charged with evading officers. She's charged with intentionally trying to run over Agent Lefort. It's not enough that they prove that she drove or that she intended to drive or that she meant to go in that direction. They have to prove that she had the desire to run over Agent Lefort. That has not been proven.

Dkt. No. 88-3 at 23:8-15 ( Ex. C to Opposition – June 5, 2019 Trial Transcript). And in its motion for a new trial, defendant argues that the statement immediately above was "clearly defending only against Assault Theory Number 2 … explicitly emphasizing the specific intent requirement of that theory of assault." Dkt. No. 82 at 13 (Motion for New Trial).

In its rebuttal argument at trial, the government stated:

> [D]efense counsel wants you to believe that the standard here, and I think he said, you have to find that the Defendant had a, quote, desire to run over in this case Deputy Lefort. And that's not an accurate description of what the judge's instruction on assault was. *** But what the defense wants you to believe is that you have to find that the Defendant had a desire to run over Agent Lefort in order to convict the Defendant of assaulting him, and that's not correct. There are two ways that you can find an assault in this case. The first is that the Defendant did willfully attempt to inflict injury on Deputy Lefort. And that first way is the way the defense describes it; that she tried to run him over with her car. But the instructions that you've received

4

> say that there is a third way that the Defendant can still commit an assault, and that's – and I'm going to read you what I believe the judge said in the instruction and then we'll talk through it. But that's: The Defendant intentionally threatened another person -- here that would be Deputy Lefort – coupled with an ability—excuse me, an apparent ability to inflict injury on another--and here that would be the ability to hit him with her car–which causes a reasonable apprehension of immediate bodily harm.
>
> Deputy Lefort told you that he thought she was going to hit him. He was asked: Were you afraid the vehicle would run you over and cause you bodily harm? And he said: Yes. So whether the Defendant tried to hit him or used her car to threaten him, both are assaults and you should find her guilty, and you can do so based on either means of proving an assault.

Ms. Santiago argues that the government's statement above in rebuttal "implies that Assault Theory 3 is not a specific intent crime." Dkt. No. 82 at 15 (Motion for New Trial). The Court disagrees.

As Ms. Santiago admits, the government's argument tracked the Ninth Circuit Model Instruction's definition of assault. *Id*. Further, the distinction the government drew was between Assault Theory 2, where a defendant willfully attempts to inflict injury on another, and Assault Theory 3, where a defendant intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm. Finally, the Court declining to give a further instruction on the definition of assault in the middle of jury deliberations did not result in plain error or otherwise render the trial fundamentally unfair.

### C. The Government Did Not Present a New Argument During Closing

Ms. Santiago argues the government made new arguments in its closing rebuttal that departed both from the parties' joint statement of the case that was read to the entire jury pool and from what the government argued in its closing argument. Dkt. No. 90 at 6 (Amended Reply). Specifically, Ms. Santiago argues the government "shifted" its legal arguments in two separate respects: first, Ms. Santiago argues the government shifted from Assault Theory 2 to Assault Theory 3; and second, the government presented a disjunctive legal theory, arguing the jury could find Ms. Santiago guilty under either Assault Theory 2 or Assault Theory 3. *Id*. Because the government did not present these arguments earlier, according to Ms. Santiago, she was foreclosed from defending against them and is therefore entitled to a new trial. *Id*. The Court disagrees.

During the Pre-Trial Conference, the Court ordered the parties to meet and confer "concerning a neutral, non-argumentative statement of the case which can be read to the jury panel

at the beginning of the voir dire process." Dkt. No. 46 at 2 (Final Pre-Trial Scheduling Order). This statement was meant to serve as a general tool for the jury pool to give them a sense of the case – not to box the parties in to legal arguments. The parties' joint statement of the case read:

> This is a criminal trial. The government has charged Martha Santiago with one count of assault on a federal officer with a deadly or dangerous weapon, in violation of Title 18, United States Code, Section 111(a) and (b). The government alleges that on November 15, 2018, Ms. Santiago assaulted a United States Deputy Marshal by trying to hit him with the car that she was driving. Ms. Santiago contends that she is not guilty. She is presumed innocent of this offense.

Dkt. No. 55. A hard copy of the statement was never provided to the jury, rather, again, the Court merely read the statement to the entire jury pool before any evidence was presented.

Further, defendant was on notice well before the government's closing rebuttal that the government was pursuing both Assault Theory 2 and Assault Theory 3. Specifically, the government raised arguments and evidence with respect to Assault Theory 3 well before its closing rebuttal, including (1) in the government's opening statement,[2] (2) in the questions posed to witnesses,[3] and (3) in the government's initial closing statement.[4] Thus, defendant had ample notice of the government's arguments.

## II. Jury Note Revealing Numerical Distribution

The jury began deliberating at approximately 11 a.m. on June 5, 2019. Dkt. No. 88-3 at 59:7-8 (Ex. C to Opposition – June 5, 2019 Trial Transcript). After deliberating for several hours,

---

[2] In its opening statement, the government explained that, in addition to intentionally striking someone, "[t]rying to run someone over with a car is an assault," and "threatening to run someone over while you're driving your car right at them, which makes that person afraid that you will actually hurt them, is also an assault." Dkt. No. 88-2 at 21:15-18 (Ex. B to Opposition – June 4, 2019 Trial Transcript).

[3] During trial, the prosecutor specifically asked the victim, Deputy Lefort, whether he was afraid that the vehicle would cause him "immediate bodily harm" in order to prove Assault Theory 3. Dkt. No. 88-2 at 53:12-14 (Ex. B to Opposition – June 4, 2019 Trial Transcript); Dkt. No. 88 at 15 (Opposition).

[4] In its initial closing argument, the government stated there were three ways the jury could find assault, and the government had "proven and met this element" of the charge because the defendant "did two of these things." Dkt. No. 88-3 at 31:16-17 (Ex. C to Opposition – June 5, 2019 Trial Transcript). Specifically, the prosecutor argued that Santiago had both "attempted to inflict injury on Deputy Lefort and she intentionally threatened him with bodily harm." *Id*. at 31:16-19.

the jury sent a note revealing the jury's split – specifically stating that one juror had reasonable doubt as to defendant's guilt. Dkt. No. 67 at 4. Upon hearing the note in court, defense counsel requested a mistrial and argued that instructing the jury to continue deliberating was coercive, especially in light of the jury improperly disclosing their split and only one juror being a hold out. Dkt. No. 88-4 at 2-4 (Ex. D to Opposition – June 6, 2019 Trial Transcript).

Ultimately, the Court instructed the jury as follows:

> Ladies and gentlemen, I received a note from one of you suggesting that you had— you had felt that you were at an impasse. What I would like to ask you all to do— and I'll ask you to go back in the jury room to do this—I want you to all think about whether there is anything we can do, whether it be reading back other portions of the testimony or further Jury Instructions or anything that might help you reach a unanimous verdict. If you can't, you can't. That's not a problem, but if you can, we would like you to. So we want to just find out if there is anything else we can do that would help you reach a unanimous verdict.
>
> So if you would go back and discuss that among yourselves and then let Tracy know when you've had that discussion. All right?

*Id.* at 11:4-14.

Ninth Circuit law makes clear, this is not grounds for a new trial. For example, in *United States v. Changco*, 1 F.3d 837, 842 (9th Cir. Cal. July 27, 1993), the jury foreman sent a note to the judge saying: "Can't convince one person. Don't know what to do. Set mind before case. She can't hear well and is not looking at evidence." The defense moved for a mistrial based on the jury revealing its numerical division. The trial court denied the motion and asked the jury to continue deliberating. Later, "an individual juror (the same juror, it turns out, who was the subject of the first note) passed a note to the judge, claiming she was being intimidated, harassed and physically threatened by other jurors." *Id*. Ultimately, the trial court "instructed the jurors to treat one another civilly and with respect, and asked if they could continue deliberating, to which the foreman replied they could." *Id*. The jury retired and returned a verdict one hour later – the Ninth Circuit affirmed.

Similarly, in *United States v. Banks*, 514 F.3d 959, 975 (9th Cir. Nev. January 29, 2008), the Ninth Circuit affirmed a trial court's denial of a mistrial where a jury also revealed their numerical division. In that case, three hours after deliberations began, the foreperson sent a note stating three jurors believed that the government had not proven its case beyond a reasonable doubt and did "not think they [would] change their minds." *Id*. Specifically, the Ninth Circuit found that "because the

jury's note … did not provide any information about the holdouts that would permit the judge to identify them, there was little possibility that the judge could place pressure on any given juror." *Id*.

Here, where (1) the jury's note asked what their options were; (2) the Court made clear it was perfectly alright if the jury could not reach a unanimous verdict; (3) the note did not reveal the juror's identity; and (4) when the jurors had only been deliberating for a few hours, a new trial is not warranted.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES Ms. Santiago's motion for a new trial.

**IT IS SO ORDERED**.

Dated: August 27, 2019

_____
SUSAN ILLSTON
United States District Judge